**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 08 2012, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID S. STOVER, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1109-CR-398 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Kathleen T. Coriden, Judge
Cause No. 03D02-1102-CM-684

**March 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a bench trial, David Stover was convicted of criminal conversion, a Class A misdemeanor, and sentenced to one year, all suspended to probation. Stover appeals, raising the sole issue of whether there is sufficient evidence to support his conviction. Concluding the evidence is sufficient, we affirm.

## Facts and Procedural History

On January 14, 2011, Stover went to a Wal-Mart store in Columbus, Indiana, to return some merchandise. While in the store, he picked up two boxes of denture adhesive from the health and beauty aisle and carried them to another part of the store. Asset Protection employee Travis Forrest testified that he followed Stover as he walked away from the health and beauty department. Forrest saw Stover open the boxes, conceal the merchandise in his pockets, and put the empty boxes on a shelf. Forrest followed Stover as he passed all points of purchase without paying for anything and left the store. Forrest then stopped Stover outside the store and asked him to return inside. Stover refused, got in his car, and left the parking lot. Forrest then called the Columbus Police Department and he and another asset protection employee retrieved the empty boxes from where Stover had put them.

Stover testified at his trial and conceded he had been in Wal-Mart on January 14, 2011, he had picked up two packages of denture adhesive, and he had left the boxes in a place they did not belong. He testified that he did so because he realized he was going to be late for work and needed to leave the store immediately. He denied taking anything out of the boxes. He also testified that he was stopped by the Columbus Police as he

drove from Wal-Mart to work, and that both he and his car were searched but no merchandise was found.

The State charged Stover with criminal conversion, a Class A misdemeanor. Following the bench trial, at which Forrest was the State's sole witness and Stover testified on his own behalf, the trial court found him guilty as charged:

> . . . I think [the State] accurately summarizes the case when it [says it] comes down to an issue of credibility. Here's the Court's observation and findings on that. I find Mr. Stover to be very meticulous in his description. I think he described what happens in Wal-Mart and where things are better than Mr. Forrest knows where things are. I find his description of that to be very meticulous. . . . [T]he Court finds [Stover] to contradict himself when he says I don't remember who stopped me when he remembers every other single detail of the day. The Court further finds that it [to] be inconsistent with his meticulous nature to tell Mr. Forrest that he wasn't interested in talking with him . . . . So the Court is convinced beyond a reasonable doubt because parts of Mr. Stover's story don't fit his nature that he did commit the crime of conversion.

Transcript at 39. Stover now appeals his conviction.

Discussion and Decision

I. Standard of Review

Our standard of reviewing challenges to sufficiency of the evidence supporting a criminal conviction is well-settled: we neither reweigh the evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). We consider only the evidence that supports the judgment and any reasonable inferences that can be drawn therefrom. Id. We will affirm the conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty of the crime charged beyond a reasonable doubt. Id.

3

## II. Criminal Conversion

One "who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." Ind. Code § 35-43-4-3(a). To have "unauthorized control over property of another" includes obtaining or taking property of another without the other's consent. Ind. Code § 35-43-4-1(a), (b)(1).

Stover contends the trial court erred in giving credence to Forrest's account of events while discounting his own version, especially when coupled with alleged inconsistencies in Forrest's testimony and the lack of physical evidence. Specifically, Stover points to Forrest's testimony that he saw Stover "as he entered," tr. at 7, and "had constant surveillance of him the entire time," id. at 8, yet Forrest never recounts that Stover went to the customer service desk to return merchandise, which is undisputed given that the return receipt was entered into evidence. However, Forrest's testimony is that he was "walking around by the health and beauty section of the store" when he noticed Stover "as he entered." Id. at 7. It is reasonable to infer that Forrest saw Stover as he entered the health and beauty department after making his return and had him under surveillance from that point on.

Stover also points out the surveillance video that was shown at trial fails to depict Stover taking merchandise out of the boxes or putting it in his pockets. Forrest acknowledged that the surveillance video did not show Stover taking the merchandise out of the box and putting it in his pockets. The video showed at trial was spliced together from various surveillance cameras, and did not depict a continuous sequence of events. Yet Forrest never wavered from his testimony that he had Stover in his sight from the time he picked up the boxes until the time he walked out of the store, and personally

witnessed him take the items from the boxes, put them in his pockets, and leave without paying for them. This is not inconsistent with the video.

Finally, Stover notes that no merchandise was found when he and his car were searched by the police. However, some amount of time had passed from when Stover was confronted by Forrest outside the store to when he was stopped by police, and there was ample opportunity for him to throw the items out. In short, there is no fatal inconsistency in Forrest's testimony, either internally or with the physical evidence. The credibility of the witnesses was for the trial court to assess, and the trial court believed Forrest's testimony. Crediting the testimony favorable to the judgment, there is sufficient evidence to find beyond a reasonable doubt that Stover exerted control over Wal-Mart's property without Wal-Mart's consent and thereby committed criminal conversion.

## Conclusion

Sufficient evidence was presented to sustain Stover's conviction, and the conviction is therefore affirmed.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.